```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Joseph Wilkes,                  :

        Plaintiff,      :  Case No.  2:14-cv-18

   v.                           :

Judge Hon. Gary G. Cook, et al.,:  JUDGE GREGORY L. FROST
                                          Magistrate Judge Kemp

        Defendants.     :

## OPINION AND ORDER

Joseph Wilkes, a state prisoner, brought this case both as a civil action seeking damages under 42 U.S.C. §1983 and a petition for writ of habeas corpus seeking release from prison. The Court has granted his application for leave to proceed *in forma pauperis* and has assessed a partial filing fee. For the reasons set forth below, this Court will sever the habeas corpus action from the civil claims in this case, creating a new case for the petition for habeas corpus relief. The Court will then transfer both cases to the United States District Court for the Northern District of Ohio.

### I. Background

The gist of the complaint appears to be this. In 2010, Mr. Wilkes was arrested and charged with offenses relating to drugs and a weapon found at someone else's home. He claims the homeowners admitted possession of both the drugs and the weapon but they were never charged. Mr. Wilkes accuses all of the defendants - who appear to be either persons associated with Mr. Wilkes' criminal trial or employees of the Ohio Department of Rehabilitation and Correction, although the complaint does not precisely identify all of the defendants - with violating his constitutional rights by imprisoning him, and keeping him in

prison, despite the absence of any evidence to believe he committed a crime. He asks the Court to release him and to award him damages for the time he has spent in prison; he also includes some very vague allegations about inhumane prison conditions and denial of medical care, all of which presumably took place at his current institution, the North Central Correctional Institution located in Marion, Ohio.

The Court has located, and relies in part upon, a decision of the Sixth District Court of Appeals issued in Mr. Wilkes' state case, see State v. Wilkes, 2013 WL 2612282 (Lucas Co. App. June 7, 2013). From that decision, it appears that Defendant Kenneth Rexford was Mr. Wilkes' attorney; Defendants Brenda Majdalani and Julia Bates were the prosecuting attorneys; and Defendant Gary Cook was the trial judge. The Court is aware and takes judicial notice that Defendant Gary Mohr is the Director of the Ohio Department of Rehabilitation and Correction and that Defendant Neil Turner is or was the warden at NCCI.

## II. Discussion

Under Preiser v. Rodriguez, 411 U.S. 475 (1973), the fact of a conviction or the length of a sentence cannot be challenged in an action brought under 42 U.S.C. §1983; that type of relief is available to a state prisoner in federal court only through a petition for a writ of habeas corpus. Mr. Wilkes appears to recognize that by asking for habeas relief, in addition to money damages on his §1983 claims.

As this Court noted in Cargile v. Ohio Adult Parole Authority, 2012 WL 359648 (S.D. Ohio Feb. 2, 2012), adopted and affirmed 2012 WL 832220 (S.D. Ohio Mar. 12, 2012), such disparate claims for relief ordinarily may not proceed together, and severance is warranted unless it is clear that one claim cannot proceed without the other being first adjudicated. There, all of the §1983 claims asserted by the Plaintiff arose from his alleged

wrongful conviction, and, under Heck v. Humphrey, 512 U.S. 477 (1994), they could not proceed unless and until the plaintiff obtained relief from his conviction through his habeas petition. Thus, although the Court noted that "[t]he most appropriate remedy, if the two cases really could proceed separately, would seem to be to sever the claims from each other and have the Clerk assign a new case number to one portion of the case," id. at *3, the Court did not order a severance there because of the interdependent nature of the claims.

By contrast, Mr. Wilkes has raised at least some §1983 claims which do not depend upon his obtaining habeas corpus relief.  Claims about the condition of his confinement are not barred by his failure to have his conviction or sentence overturned.  Consequently, a severance is appropriate here.

Once the cases are severed, both should be transferred.  Any viable condition of confinement claims which relate to the North Central Correctional Institution should be prosecuted in the Northern District of Ohio, Western Division.  See 28 U.S.C. §115. Similarly, any habeas claims relating to a conviction obtained in Lucas County belong in that Court.  This Court notes that the allegations supporting the civil rights claim are not particularly detailed, but leaves it to the proper court to conduct an initial screening and to decide if it should dismiss the claims or grant leave to amend.  The habeas claims may be unexhausted but, again, the initial Rule 4 screening ought to be done by the proper court.

### III. Conclusion

Based upon the foregoing, the Clerk of Courts is directed to sever Mr. Wilkes' habeas corpus claims from his §1983 claims. The Clerk shall do so by opening a new civil case, which Mr. Wilkes is permitted to pursue without prepayment of the $5.00 filing fee for actions brought under 28 U.S.C. §2254, and filing the complaint in this case in that case as well, along with a copy of this order.  Both cases shall then be transferred to the

United States District Court for the Northern District of Ohio, Western Division.  The pending motion for appointment of counsel (Doc. 5) is denied.

### IV. Procedure on Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

IT IS SO ORDERED.

/s/ Terence P. Kemp
United States Magistrate Judge