IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joseph Wilkes, | Case No. 3:14 CV 989 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Judge Hon. Gary G. Cook, *et al.*, | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Joseph Wilkes, a state prisoner incarcerated at the North Central Correctional Institution ("NCCI"), filed this action in the U.S. District Court for the Southern District of Ohio. Post-filing, Plaintiff's hybrid civil rights and habeas action was split into two cases, which were then transferred to this District. *See Wilkes v. Judge Hon. Gary G. Cook*, No. 2:14-CV-18, Doc. (S.D. Ohio, May 7, 2014, Dkt. Entry 6).

This case, consisting of Plaintiffs' civil rights claims, is brought against the following Defendants: Kenneth Rexford, Plaintiff's defense attorney during a prior criminal trial; Brenda Majdalani and Julia Bates, who prosecuted the case; and Judge Gary Cook, who presided at Plaintiff's criminal trial. *See State v. Wilkes*, 2013 WL 2612282 (Ohio Ct. App. 2013). Additional Defendants Gary Mohr and Neil Turner are the Director of the Ohio Department of Rehabilitation and Correction and NCCI Warden, respectively. Two additional Defendants, Steven Harris and Jerry Cary, are not identified by their role or title in either the Complaint or the state-court opinion.

**BACKGROUND**

Plaintiff alleges he was arrested and charged in 2010 with offenses relating to drugs and a weapon found at someone else's home. He claims the homeowners admitted possession of both the drugs and the weapon, but they were never charged. Instead, Plaintiff claims he was wrongfully convicted and imprisoned for the offenses.

Plaintiff sues each Defendant in his or her individual capacity, seeking money damages pursuant to 42 U.S.C. § 1983 for the following conduct (Doc. 1 at 5–6):

> (1) "[w]rongful restraining of [his] liberty," (2) "deliber[ate]ly with indifference"; (3) "racist profiling"; (4) "knowingly"; (5) "discriminating"; (6) "with prejudices"; (7) "harassing and . . . retaliating"; (8) "denial of fair hearing & trials"; (9) "access to court"; (10) "free speech through Court"; (11) "due process"; (12) "equal protections of laws"; (13) "judicial misconduct by Gary G. Cook"; (14) "prosecutor and attorney misconduct violating cannon code of eth[ical] enforcement rules & laws"; (15) "by complicity"; (16) "conspiracy"; (17) "organized criminal activity"; (18) "racketeering"; (19) "causing cruel and unusual punishment [and] pain and suffering"; (20) "refused and improper medical treatment and care"; (21) "inhum[ane] conditions of the treatment and confinement"; (22) "violations of 1970 Clean Water & Clean Air Act and kitchen and food unconstitutional"; and (23) "failing to protect plaintiff's equal access due process rights & more."

**DISCUSSION**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a district court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A complaint must contain sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *Id* at 471. The complaint's "[f]actual allegations must . . . raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court need

not accept legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

Plaintiff fails to plausibly allege how each Defendant's conduct contributed to or caused a deprivation of his constitutional rights. *See Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Such generalized pleading fails to give Defendants fair notice of Plaintiff's claims. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012); *Terrance v. Northville Reg. Psych. Hosp.,* 286 F.3d 834, 842 (6th Cir. 2002). Plaintiff also sues a number of Defendants who are generally immune from a suit for damages, *see, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Barnes v. Winchell*, 105 F.3d 1111, 1115–16 (6th Cir. 1997), and does not plausibly allege that any exception to immunity applies. Finally, "[i]t is firmly established that a defense attorney" -- here, Defendant Rexford -- "regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, 2009 WL 2163113, at *4 (6th Cir. 2009) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)). Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

This action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. Further, this Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 12, 2014